Reese, J.
delivered the opinion of the court.
The complainant, by the last will and testament of his son, was appointed testamentary guardian of two children, a son and daug'hter, the latter now about eleven years old and the former about nine years old. This bill is brought against the maternal grand father, to obtain the custody of the wards. The parents of the children are both dead, the mother died first. But long before the death of either, they surrendered the daughter to the maternal grand father, in her earliest infancy, for nurture, and under an agreement that she was to be brought up by him. The daughter was of very delicate health, and the grand mother has much skill as well as great tenderness in the treatment of children, and has always had this child in her possession.
The uniform wish of both parents was, that the daughter should remain with the grand mother, and this wish was distinctly repeated by the father, even after he had appointed the complainant testamentary guardian. The complainant has lost his wife and is now a widower. The testamentary guai-dian has the legal right to the custody and possession of his wards. But the case of Payne vs. Payne, settles as a principle, that this legal right will not be impaired but will be controlled, in a case where the interest of the child obviously requires that it should be done. Such we regard as being the case in the present instance, as relates to the daughter. Those strong ties, arising from nature and nurture, between her and her grand mother should not be broken.
With respect to the son, his home at the death of the father *112 was with the complainant, and was taken to the defendant’s, under promise to be returned. The legal righti's with the complainant, and we are not satisfied that such circumstances exist as to control that legal right'. It would be wished, indeed, that the children should be much together; and we hope that when the feelings, un fortunately engendered by this contest, shall somewhat abate, that the complainant will permit his male ward to pass much of his time with his sister.
Our decree is, that the daughter remain with her maternal, grand father, and that the son be restored to the custody of his guardian, the complainant.